**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

QUENTON GAYE                                                          PETITIONER
ADC# 118794

V.                                    5:10-cv-00133-BSM-JJV


RAY HOBBS, Interim Director                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.

If the objection is to a factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must be received in

the office of the United States District Court Clerk no later than fourteen (14) days from the

date of the findings and recommendations.  The copy will be furnished to the opposing party.

Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,

or additional evidence, and to have a hearing for this purpose before the District Judge, you

must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the hearing before the District Judge (if

such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1), pursuant to 28 U.S.C. §2254, of Quenton Gaye, an inmate in the custody of the Arkansas Department of Correction (ADC).

## I.    BACKGROUND

Mr. Gaye was charged in Pulaski County Circuit Court with capital murder and three counts of committing terroristic acts, stemming from a shooting that took place on April 13, 2005, in Little Rock, Arkansas. (Doc. No. 4, Ex. F, p. 1). His defense at trial was that he had an alibi at the time of the shooting. (*Id*.). To support this, defense counsel, William McArthur, called Gaye's aunt, Diane Jones, who testified that on the day of the shootings she took Mr. Gaye to her brother's house between 12:00 p.m. and 1:00 p.m. (*Id*. at p.2). However, on cross-examination, it came out that Ms. Jones had waited until the day of trial

to provide an alibi for Mr. Gaye.  *Id*.  Defense counsel also called Mr Gaye's uncle, Walygyden Athtab, as an alibi witness; he testified that Mr. Gaye was at his home from before 1:00 p.m. until later in the evening.  (Doc. No. 4, Ex. F, p. 2).

Defense counsel intended to call a third witness, Melvin Taylor, to testify that he had witnessed the shooting and Mr. Gaye was not present at the scene.  (Doc. No. 4, Ex. F, p. 3). Mr. Taylor came to the courthouse to testify but left before being called to testify because he was intimidated by the victim's family.  (*Id*.).

Among the evidence presented by the State was the testimony of an eyewitness, Courtney Barnes.  (*Id*. at p. 1).  Barnes testified that he had known Mr. Gaye all his life and that Mr. Gaye was one of the shooters.  (*Id*.). Gaye was convicted on November 2, 2005, of the charges and was sentenced to life without parole for the capital murder charge.  (Doc. No. 1, p.1).  On November 10, 2005, Mr. Gaye was sentenced to 240 months for the three terroristic counts.  (*Id*.).  The Judgment of the Court was entered on November 17, 2005, and Mr. Gaye filed a timely notice of appeal on December 15, 2005.  (*Id*.).

On August 22, 2006, Mr. Gaye appealed to the Arkansas Supreme Court, arguing that the Circuit Court erred in denying his motion for directed verdict on the capital murder charge.  (Doc. No. 4, Ex. B1).  On November 16, 2006, the Arkansas Supreme Court affirmed Mr. Gaye's conviction and issued its mandate on December 5, 2006.  (Doc. No. 4, Ex. C).  A petition for rehearing was not filed.  (Doc. No. 1, p.2).

On February 1, 2007, Mr. Gaye filed a timely Petition for Relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  (Doc. No. 1, p.2).  Gaye argued in his Rule 37

petition that his counsel was ineffective for failing "to seek a forthwith order for, proffer the testimony of, or seek continuance to obtain the presence of, a subpoenaed witness [Taylor] who absconded before being called as a witness." (Doc. No. 4, Ex. D).  A Rule 37 hearing was held in Pulaski County Circuit Court on January 14, 2008, and February 22, 2008. (Doc. No. 4, Ex. F, p. 3).

During the Rule 37 hearing, Mr. Gaye's counsel, Mr. McArthur, testified that while Taylor came to the courthouse to testify, he left before being called as a witness. (Doc. No.4, Ex. D).  McArthur explained that Taylor's testimony would have been that "he knew Gaye by sight and that around the time of the shooting, he was driving by the scene and did not see Gaye there at all." (*Id*.). Mr. McArthur stated that he declined the court's offer to "sign a forthwith order to bring Taylor into custody" because he did not "want to risk arresting him and having him brought to court in shackles." (*Id*.).  Mr. McArthur further told the court that he felt uncomfortable with Taylor as a witness because he had a "very questionable criminal history," but he subpoenaed him as a witness anyway. (*Id*.).

The circuit court issued an order on March 19, 2008, denying Mr. Gaye's Rule 37 petition. (Doc. No. 4, Ex. D).  The court reasoned that Taylor's testimony would have been corroborative of the testimony of Jones and Athtab as to Gaye's whereabouts at the time of the murder, and the decision "to rely on the alibi testimony of Jones and Athtab, while proving unsuccessful, did not render counsel's representation ineffective." (*Id*.). Furthermore, the court found that McArthur's failure to request a forthwith order or a continuance to procure Mr. Taylor's attendance was not ineffective assistance of counsel but

rather a strategic choice made by counsel at trial and did not prejudice the outcome of the trial.  (*Id*.).

Gaye filed a notice of appeal and designation of record from the denial of his Rule 37 Petition on April 7, 2008.  (Doc. No. 1, p. 2).  The Arkansas Supreme Court affirmed his conviction, finding that his counsel was not ineffective for failing to seek a forthwith order, continuance, or to proffer Taylor's testimony.  (Doc. No. 4, Ex. F, p.7).  The Mandate of the court was filed on May 6, 2009.  (Doc. No 1, p.2).

Mr. Gaye filed the instant habeas petition (Doc. No. 1) on May 5, 2010, arguing that his counsel was ineffective for failing to present Mr. Taylor as a witness.  The Respondent argues that the Arkansas Supreme Court correctly applied the United States Supreme Court's precedent set forth in *Strickland v. Washington* in evaluating Gaye's claim, and the Arkansas Supreme Court's decision was not based on an unreasonable determination of facts.[1]  (Doc. No. 3, p. 3).

## II.    DISCUSSION

The Court finds that Gaye's counsel was not ineffective for failing to seek a forthwith order, continuance, or proffered testimony from Mr. Taylor after he left the courthouse.  "In the interests of finality and federalism," federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions."  *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Under the AEDPA, federal review

---

[1]*Strickland v. Washington*, 466 U.S. 668, 686 (1984)

of underlying state court decisions are limited because federal courts may only grant habeas

relief if the claim was adjudicated on the merits in the state court proceeding and the state

court's decision:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).  The federal law

must be clearly established at the time the petitioner's state conviction became final, and the

source of doctrine for such law is limited to the United States Supreme Court.  *Williams v.*

*Taylor*, 529 U.S. 362, 380-83 (2000).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state

court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question

of law or if the state court decides a case differently than the [United States Supreme] Court

has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13

(2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007).  A decision involves

an unreasonable application of federal law when the state court "identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that

principle to the facts of the prisoner's case.  *Williams*, 529 U.S. at 413.  Under subsection

(d)(2), a state court decision will be based on an "unreasonable determination of the facts in

light of the evidence presented . . . only if it is shown by clear and convincing evidence that

the state court's presumptively correct factual findings do not enjoy support in the record."
*Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

In his sole claim, Mr. Gaye argues that he received ineffective assistance of counsel "when, after defense witness, Melvin Taylor, absconded from the courthouse, his trial attorney neither sought a forthwith order or proffered his testimony or did anything else to secure Petitioner's right to present the testimony of Taylor, an essential witness in the defense of Petitioner at trial."  (Doc. No. 1, pp. 2-3).

At the time Mr. Gaye's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  Under *Strickland*, for a petitioner to prevail on an ineffective assistance of counsel claim he must show that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In evaluating counsel's performance, the basic inquiry before the Court is "whether counsel's assistance was reasonable considering all the circumstances."  *Id*. at 688.  In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.

Under the performance prong, the petitioner must be able to prove that his lawyer's performance was unreasonable and not valid trial strategy.  *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986); *Thai v. Mapes*, 412 F.3d 970, 978-79 (8th Cir. 2005).  The petitioner must show that his "counsel made errors so serious that counsel was not functioning as the

counsel guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Trial counsel has a "duty to make reasonable investigations or to make a reasonable decision

that makes particular investigations unnecessary." *Id*. at 691.  However, "strategic choices

made after a thorough investigation are virtually unchallengeable" in a later habeas corpus

action.  *Id*. at 689.  If the petitioner fails to show that his counsel's performance was

deficient, the Court does not need to proceed further in its analysis of an ineffective

assistance claim.  *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

If counsel's performance is shown to be deficient, the petitioner must also satisfy the

prejudice prong, showing "that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." *Armstrong

v. Kemna*, 590 F.3d 592, 595-96 (8th Cir. 2010)(citations omitted).   "A reasonable

probability is one sufficient to undermine confidence in the outcome." *Id*. at 596.  Therefore

"[i]t is not enough for the defendant to show that the errors had some conceivable effect on

the outcome of the proceedings." *Strickland*, 466 U.S. at 694.

The Arkansas Supreme Court applied the requirements set forth in *Strickland* to Mr.

Gaye's claims.  In doing so, the court stated:

> In asserting ineffective assistance of counsel under *Strickland,* the petitioner
> must first show that counsel's performance was deficient. [*Strickland v.
> Washington*, 466 U.S. 668 (2008)]*; Harrison v. State,* 371 Ark. 474, 268
> S.W.3d 324 (2007). This requires showing that counsel made errors so serious
> that counsel was not functioning as the "counsel" guaranteed the petitioner by
> the Sixth Amendment. *Sparkman* [*v. State*]*,* 373 Ark. 45 (2008).  A court must
> indulge in a strong presumption that counsel's conduct falls within the wide
> range of reasonable professional assistance. *Id.*  Second, the petitioner must
> show that counsel's deficient performance prejudiced the defense, which
> requires showing that counsel's errors were so serious as to deprive the

petitioner of a fair trial. *Id.* The petitioner must show there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.*

*Gaye v. State*, 307 S.W.3d 1, 4 (Ark. 2009).

The Arkansas Supreme Court further concluded that:

the decision to not seek a forthwith order or a continuance, or to proffer Taylor's testimony, was a matter of trial strategy, we cannot say that the circuit court clearly erred. McArthur testified that he perceived Taylor to be a "shaky witness" with a criminal history that would have been brought out at trial. Thus, according to McArthur, he did not want Taylor brought to court in shackles. Clearly, this evidence supports the circuit court's determination that McArthur's decision was a strategic one and not an omission resulting in ineffective assistance of counsel.

*Id*. at 5.

In the circumstances of this case it was reasonable for counsel, as a matter of trial strategy, not to call Mr. Taylor. While Mr. Taylor's testimony may have helped Mr. Gaye's case, the lack of his testimony did not negate everything else Mr. Gaye's counsel did for him. The fact that he had two other alibi witnesses testify was sufficient to put doubt into the jury's mind of Mr. Gaye's whereabouts on the day of the murder. *See Freeman v. Graves*, 317 F.3d 898, 901 (8th Cir. 2003). Furthermore, the Court is not convinced there is a reasonable probability that Mr. Gaye would have been acquitted if defense counsel had presented the testimony of one more witness.

Having carefully reviewed the record and the applicable law, the Court concludes that the denial of Mr. Gaye's ineffective assistance of counsel claim by the Arkansas Supreme Court was well based on law and fact and was not "contrary to, or involved an unreasonable

application of" clearly established federal law.  28 U.S.C. § 2254(d)(1).  Nor has Mr. Gaye shown that the court's determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order.  In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2).  The Court finds no issue on which Mr. Gaye has made a substantial showing of a denial of a constitutional right.  Thus, the Court recommends that a certificate of appealability should be denied.

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1)   Mr. Gaye's § 2254 petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED; and

2)   A certificate of appealability should be denied.

IT IS SO ORDERED this 28th day of July, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE